IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MARY DEAL, INDIVIDUALLY, AND | § | |
| AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JAKOB LANGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-095-A |
| | § | |
| CITY OF FORT WORTH, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants Lt. J.G. White ("White") and Sgt. Traverso ("Traverso") to dismiss. The court, having considered the motions, the responses of plaintiff, Mary Deal, individually, and as representative of the Estate of Jakob Lange, the reply of Traverso, the record and applicable authorities, finds that the motions should be granted.

I.

### Plaintiff's Complaint

On February 6, 2015, plaintiff filed her original complaint, naming as defendants the City of Fort Worth, White, Traverso, and John Does One through Four. White and Traverso are the only individual defendants who have appeared. The City has filed an answer.

In her complaint, plaintiff alleges that her son, Jakob Lange, 24 years of age, was pursued by unknown police officers in

the early morning hours of February 7, 2013, as he drove his car at an excessive rate of speed. Jakob's vehicle entered a one-way street going the wrong direction, at which time the pursuit vehicles engaged their emergency lights and sirens. Jakob failed to yield. The pursuit continued. Upon entering the intersection of Overton Park Drive and Bellaire Drive, Jakob's vehicle appeared to strike an object and he lost control and struck a tree. Jakob suffered severe injuries from which he died the next day.

Plaintiff alleges, upon information and belief, that there appeared to be damage to Jakob's right front tire consistent with the use of a tire deflation device known as "spike sticks." At an early stage of the pursuit, one unit advised that it was attempting to deploy a tire deflation device, but was unable to do so. "There is some mention of another attempt but there is a lack of additional information. The use of a tire deflation device was clearly contemplated and could have been deployed under difference [sic] scenarios." Pl.'s Orig. Compl., ¶ 18. Another patrol unit responding to the pursuit suffered a punctured tire at the scene. Although the Fort Worth Police Department has provided some information to plaintiff, she "was unable to obtain a definitive response as to whether a FWPD

officer deployed a tire deflation device at the scene of her son's accident." Id., ¶ 20.

Under the heading "causes of action, damages, and relief," plaintiff alleges:

> Upon information and belief, unknown FWPD officers deployed a tire deflation device in a manner which was deliberately indifferent to and with reckless disregard for the life of Jakob Lange; and in violation of the manufacturer's instructions and departmental policies. The blatant disregard of departmental policies as to the conduct of the high speed pursuits, in particular the lack of any supervisory oversight and coordination during the pursuit, was a contributing factor to the reckless employment of the tire deflation device.

Id., ¶22. Further,

> Plaintiff brings a claim as to Lt. White and Sgt. Traverso, for failure to supervise the actions of the pursuing officers and those in supporting roles as to the time and place for deployment of any tire deflation device. The actions and/or inactions complained of as to these defendants led to the violation of Jakob Lange's Fourth and Fourteenth Amendment rights and subsequent loss of his life. These same actions and/or inactions led to the subsequent injuries suffered by Plaintiff.

Id., ¶25.

II.

Applicable Legal Standards

A. The motion to dismiss.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.

3

It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no

4

more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

B.   Supervisory responsibility under § 1983.

Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. Thompson v. Upshur Cnty., 245 F.3d 447, 459 (5th Cir. 2001); Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992). Where a plaintiff alleges failure to supervise as the basis for liability, the plaintiff must show: (1) failure to supervise the officers involved; (2) a causal link between the failure to supervise and the alleged violation of the plaintiff's rights; and (3) the failure to supervise amounted to deliberate indifference to the plaintiff's constitutional rights. Thompson, 245 F.3d at 459. Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a lack of supervision claim. Cozzo v. Tangipahoa Parish Council-Pres. Gov't, 279 F.3d 273, 286-87 (5th Cir. 2002). To be entitled to the "single act" exception to the general rule, applicable only in certain extreme circumstances, a plaintiff must show that the

"highly predictable" consequence of the failure to supervise would result in the specific injury suffered and that the failure to supervise represented the "moving force" behind the constitutional violation. Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir. 2005).

III.

Law Applied to the Pleadings

Although in certain circumstances a supervisory officer may be liable for failure to train or for implementing a constitutionally deficient policy, that is not the gist of plaintiff's claims. Rather, plaintiff acknowledges the existence of departmental policies and says that the unidentified officers acted in violation thereof. Pl. Orig. Compl., ¶ 22. She alleges that "lack of any supervisory oversight and coordination during the pursuit" was a "contributing factor to the reckless deployment of the tire deflation device." Id. Her claims against defendants White and Traverso are based on "failure to supervise the actions of the pursuing officers and those in supporting roles as to the time and place for deployment of any tire deflation device." Id., ¶ 25.

Plaintiff does not allege any facts to connect defendants White and Traverso to the events giving rise to her claims. There is no allegation that either defendant White or defendant

6

Traverso was in any way involved in the incident; nor are there any facts alleged to show that either of these defendants was responsible for supervising the pursuing officers. In fact, there are no allegations regarding what it is that either defendant did or failed to do, much less any allegations regarding what they were obligated to do. Plaintiff merely refers to their "actions and/or inactions." Pl. Orig. Compl., ¶ 25. There are no facts pleaded to support a causal link between these defendants and any constitutional violation. Nor are any facts pleaded to show that the alleged failure to supervise amounted to deliberate indifference. Instead, plaintiff appears to take the position that deployment of a tire deflation device is an automatic constitutional violation. However, she has not pleaded any facts or cited to any authority to support such position and the court is aware of none.

With regard to her state law claims, Plaintiff's sole response to the motions to dismiss is that she has sued defendants White and Traverso in their individual capacities. However, by filing her tort claim against the City of Fort Worth, plaintiff has made an irrevocable election that immediately and forever bars her from any suit or recovery against an individual employee of the City regarding the same subject matter. Tex. Civ. Prac. & Rem. Code § 101.106(a). And, plaintiff could not pursue

7

these claims in any event. The individual defendants have the right to have their employer substituted in their place, but the claims pursued are intentional torts for which sovereign immunity has not been waived. Tex. Civ. Prac. & Rem. Code § 101.106(f); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008); Huff v. Refugio Cnty. Sheriff's Dept., No. 6:13-CV-032, 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9, 2013).

IV.

Request for Leave to Amend

In her responses to the motions to dismiss, plaintiff requests that, should the court determine that she has not sufficiently pleaded cognizable claims, the court allow her to file an amended complaint. As movants note, however, plaintiff has not filed a motion for leave to amend. Local Rules 5.1(c), 7.1, and 15.1. And, based on plaintiff's complaint, there is no reason to believe that plaintiff could allege any further facts to support claims against movants.

V.

Order

For the reasons discussed herein,

The court ORDERS that the motions of defendants White and Traverso to dismiss be, and are hereby, granted and that

8

plaintiff's claims against said defendants be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to these claims.

SIGNED April 21, 2015.

_____
JOHN McBRYDE
United States District Judge